UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | |
|---|---|
| SARA BOHLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE PRUDENTIAL INSURANCE COMPANY | ) Case No. |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND REQUEST FOR A JURY TRIAL

COMES NOW, the Plaintiff, Sara Bohling, by and through the undersigned counsel, Talia Ravis, to file this Complaint against The Prudential Insurance Company of America ("Prudential"), and as cause therefore states as follows:

1.    The Plaintiff, Sara Bohling, has at all times material hereto been a citizen of the State of Nebraska and a resident of Eagle, Nebraska.

2.    Prudential is an insurance company incorporated and headquartered in New Jersey and doing business in the State of Nebraska.

3.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff, a Nebraska resident, and Prudential, whose principal place of business is in New Jersey. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    Sara Bohling is insured under a disability income policy issued by Prudential.

5.    Pursuant to the disability policy, Prudential promises to pay monthly disability benefit payments to Ms. Bohling in the event Ms. Bohling is unable to work due to an injury or illness.

6.      Until her date of disability, Ms. Bohling had been employed as a NICU Nurse/APRN-CNS with Catholic Health Initiative.

7.      Sara Bohling became disabled in January 2017 due to the disabling effects of viral meningitis, severe daily positional headaches, Spontaneous Cerebral Spinal Fluid (CSF) leak and Postural Orthostatic Tachycardia syndrome.

8.      When Ms. Bohling was forced to stop working, she initially applied for FMLA and short term disability benefits.  Ms. Bohling's short term disability benefits and FMLA leave time were approved by Prudential.

9.      Ms. Bohling subsequently applied for the long term disability benefits pursuant to the terms of her Prudential policy.

10.     On July 13, 2017, Prudential sent Ms. Bohling a letter notifying her that her long term disability benefits claim was denied.

11.     Ms. Bohling is disabled and has provided Prudential with substantial medical records and physician reports that establish that she meets the requirements of the Prudential disability policy.

12.     Ms. Bohling's physicians have advised Prudential that Ms. Bohling is unable to work due to her medical conditions.

13.     Ms. Bohling traveled to Durham, North Carolina to Duke University in August 2017. She underwent a myelogram and two blood patches. The Duke physician team treating Ms. Bohling includes Dr. Michael Malinzak. Dr. Malinzak is a Neuroradiologist who has been in contact with Ms. Bohling by email or phone approximately once weekly since her meeting at Duke on August 22, 2017. On October 24, 2017, Dr. Malinzak completed an Attending Physician Statement about Ms. Bohling's medical condition. Dr. Malinzak reviewed Ms. Bohling's job description and the Prudential policy definition for "Disability." Dr. Malinzak concluded that Ms. Bohling is disabled from performing the material duties of her own occupation or any occupation. Dr. Malinzak reported to Prudential, "Ms.

2

Bohling's positional headache typically begins as soon as she gets out of bed in the morning reaching moderate-to-severe in severity after 1 to 5 minutes of upright time (sitting or standing). Headaches begin improving as soon as she lies flat. The headaches are associated with difficulty concentrating, nausea, sensitivity to light and sound, and dizziness. Blurred vision, tinnitus, and word finding difficulty are less commonly associated. Until the severity, frequency, or positional nature of the headaches improve, I do not see how she is fit for any gainful occupation that requires her to sit or stand upright."

14.   Dr. James Bobenhouse is Ms. Bohling's neurologist. On October 22, 2017, Dr. Bobenhouse completed an Attending Physician's Statement about Ms. Bohling's medical conditions. Dr. Bobenhouse diagnosed Ms. Bohling with spontaneous intracranial hypotension, post blood patch rebound intracranial hypertension, and neurocardiogenci syncope. Dr. Bobenhouse reviewed Ms. Bohling's job description and the policy definition of "Disability." Dr. Bobenhouse concluded that Ms. Bohling is disabled from performing the material duties of her own occupation and any occupation. Dr. Bobenhouse states, "Patient only tolerates being upright for 10-15 minutes then she has to lay supine for pain relief for 1-2 hours. Prognosis is fair because the blood patches have only been transiently effective, she has developed POTS, Dysautonomia and neurocardiogenic syncope."

15.   Dr. Scott Wilson is Mr. Bohling's primary care physician. Dr. Wilson diagnosed Ms. Bohling with POTS, intracranial hypotension, degenerative joint disease, fatigue, headache, and dizziness. Objective findings include: positive tilt table test, cervical disc disease-CT mylegram, orthostatic hypotension. Dr. Wilson reviewed Ms. Bohling's job description and the policy definition of "Disability." Dr. Wilson concluded that Ms. Bohling is disabled from performing the material duties of her own occupation.

3

13.    Despite receiving all of this information, Prudential refuses to pay Ms. Bohling any disability benefits under her long term disability policy.

14.    Ms. Bohling has complied with all of the applicable provisions of the disability policy.

15.    Prudential has breached the provisions of the disability policy by refusing to pay Ms. Bohling her monthly disability benefits.

16.    Ms. Bohling has suffered emotional distress, financial losses and other losses due to Prudential's wrongful refusal to pay her disability benefits.

17.    Prudential's actions have violated the covenant of good faith and fair dealing in several ways, including but not limited to:

   a.)    Denying Ms. Bohling's benefits claim without a good faith basis for the denial.

   b.)    Disregarding the lack of, or recklessly disregarding, the lack of a reasonable basis for denying this claim.

   b.)    Compelling Ms. Bohling to initiate this litigation to recover the amount due her under the terms of the policy.

   c.)    Ignoring the statements of three of Ms. Bohling's treating physicians who clearly reported to Prudential that based on their clinical examinations and diagnoses, Ms. Bohling was unable to perform the material duties of her occupation, or any occupation.

   WHEREFORE, the Plaintiff, Sara Bohling, requests that this Honorable Court enter judgment against Prudential in an amount that will compensate Ms. Bohling for any unpaid disability benefits, interest, damages for Prudential's intentional denial of this claim without a reasonable basis for the denial, and attorneys' fees.

Respectfully Submitted,

s/ Talia Ravis
Talia Ravis
MO Bar #58366
Law Office of Talia Ravis, P.A.
9229 Ward Parkway, Suite 370

Kansas City, MO 64114
816-333-8955 (tel)
1-800-694-3016 (fax)
travis@erisakc.com


### DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Sara Bohling, by and through the undersigned counsel and demands that the above Complaint and all issues herein be tried by jury.


s/Talia Ravis
Talia Ravis