UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SARA BOHLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE PRUDENTIAL INSURANCE COMPANY | ) Case No. 4:18-CV-3049 JMG SMB |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **AMENDED COMPLAINT**

COMES NOW, the Plaintiff, Sara Bohling, by and through the undersigned counsel, Bridget O'Ryan, to file this Amended Complaint against The Prudential Insurance Company of America ("Prudential"), and as cause therefore states as follows:

1.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Sara Bohling brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2.     The Plaintiff, Sara Bohling, has at all times material hereto been a citizen of the State of Nebraska and a resident of Eagle, Nebraska.

3.     Prudential is an insurance company incorporated and headquartered in New Jersey and doing business in the State of Nebraska.

4.     Sara Bohling is insured under a disability income policy issued by Prudential.  The Prudential policy was issued through her employer's benefit plan.

5.      Pursuant to the disability policy, Prudential agrees to pay monthly disability benefit payments to Ms. Bohling in the event Ms. Bohling is unable to work due to an injury or illness.

6.      Venue is proper in this District due to Ms. Bohling's employee benefit plan being administered in this District.

7.      Until her date of disability, Ms. Bohling had been employed as a NICU Nurse/APRN-CNS with Catholic Health Initiatives.

8.      Ms. Bohling became disabled in January 2017 due to the disabling effects of viral meningitis, severe daily positional headaches, Spontaneous Cerebral Spinal Fluid (CSF) leak and Postural Orthostatic Tachycardia syndrome.

9.      When Ms. Bohling was forced to stop working, she initially applied for FMLA and short term disability benefits.  Ms. Bohling's short term disability benefits and FMLA leave time were approved by Prudential.

10.     Ms. Bohling subsequently submitted a claim for long term disability benefits pursuant to the terms of her Prudential policy.

11.     On July 13, 2017, Prudential sent Ms. Bohling a letter notifying her that her long term disability benefits claim was denied.  Subsequently, Ms. Bohling appealed this adverse benefit decision and Prudential denied her appeal.

12.     Ms. Bohling is disabled and has provided Prudential with substantial medical records and physician reports that establish that she meets the requirements of the Prudential disability policy.

13.     Ms. Bohling's physicians have advised Prudential that Ms. Bohling is unable to work due to her medical conditions.

14.     For instance, Ms. Bohling traveled to Durham, North Carolina to Duke University in August 2017. She underwent a myelogram and two blood patches. The Duke physician team treating Ms. Bohling includes Dr. Michael Malinzak. Dr. Malinzak is a

Neuroradiologist who has been in contact with Ms. Bohling by email or phone approximately once weekly since her meeting at Duke on August 22, 2017. On October 24, 2017, Dr. Malinzak completed an Attending Physician Statement about Ms. Bohling's medical condition. Dr. Malinzak reviewed Ms. Bohling's job description and the Prudential policy definition for Disability. Dr. Malinzak concluded that Ms. Bohling is disabled from performing the material duties of her own occupation or any occupation. Dr. Malinzak reported to Prudential, "Ms. Bohling's positional headache typically begins as soon as she gets out of bed in the morning reaching moderate-to-severe in severity after 1 to 5 minutes of upright time (sitting or standing). Headaches begin improving as soon as she lies flat. The headaches are associated with difficulty concentrating, nausea, sensitivity to light and sound, and dizziness. Blurred vision, tinnitus, and word finding difficulty are less commonly associated. Until the severity, frequency, or positional nature of the headaches improve, I do not see how she is fit for any gainful occupation that requires her to sit or stand upright."

15.  Dr. James Bobenhouse is Ms. Bohling's neurologist. On October 22, 2017, Dr. Bobenhouse completed an Attending Physician's Statement about Ms. Bohling's medical conditions. Dr. Bobenhouse diagnosed Ms. Bohling with spontaneous intracranial hypotension, post blood patch rebound intracranial hypertension, and neurocardiogenci syncope. Dr. Bobenhouse reviewed Ms. Bohling's job description and the policy definition of Disability. Dr. Bobenhouse concluded that Ms. Bohling is disabled from performing the material duties of her own occupation and any occupation. Dr. Bobenhouse states, "Patient only tolerates being upright for 10-15 minutes then she has to lay supine for pain relief for 1-2 hours. Prognosis is fair because the blood patches have only been transiently effective, she has developed POTS, Dysautonomia and neurocardiogenic syncope."

3

16. Dr. Scott Wilson is Mr. Bohling's primary care physician. Dr. Wilson diagnosed Ms. Bohling with POTS, intracranial hypotension, degenerative joint disease, fatigue, headache, and dizziness. Objective findings include: positive tilt table test, cervical disc disease-CT myelogram, orthostatic hypotension. Dr. Wilson reviewed Ms. Bohling's job description and the policy definition of Disability. Dr. Wilson concluded that Ms. Bohling is disabled from performing the material duties of her own occupation.

17. Despite receiving all of this information, Prudential refuses to pay Ms. Bohling any disability benefits under her long term disability policy.

18. Ms. Bohling has complied with all of the applicable provisions of the disability policy.

19. Prudential has breached the provisions of the disability policy by refusing to pay Ms. Bohling her monthly disability benefits.

20. Ms. Bohling has suffered emotional distress, financial losses and other losses due to Prudential's wrongful refusal to pay her disability benefits.

21. The Defendants have intentionally and without reasonable justification denied Ms. Bohling's disability benefits in violation of the Prudential policy and ERISA.

22. In April 2018, the Social Security Administration found that Ms. Bohling was unable to perform any substantial gainful activity and therefore awarded her Social Security Disability Income benefits.

**CLAIM FOR RELIEF**

**WRONGFUL DENIAL OF EMPLOYEE BENEFITS**

23. Paragraphs 1-22 are hereby realleged and incorporated herein by reference.

24. From January 2017, when Sara Bohling was forced to leave active employment, until the present, Ms. Bohling remains unable to perform the material duties of her regular occupation or any occupation for which she is reasonably qualified based on her education, training or experience.

25.   Ms. Bohling provided the Defendant with ample medical evidence to establish that she meets the definition of Disabled under the Prudential policy.

26.   The Defendant has intentionally and without reasonable justification denied Ms. Bohling's long term disability benefits in violation of her employee benefit plan, the Prudential policy and ERISA.

WHEREFORE, the Plaintiff, Sara Bohling, requests that this Honorable Court enter Judgment:

A.   Finding that Sara Bohling is entitled to long term disability benefits and order the Defendant to pay the past due benefits.

B.   Finding that Sara Bohling is entitled to long term disability benefits and order the Defendant to pay for future monthly benefits as they become due.

C.   Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D.   Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E.   Awarding all other relief as may be just and appropriate.

Respectfully Submitted,


s/ Bridget O'Ryan
Bridget O'Ryan
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis IN 46220
Phone: 317-255-1000
Email: boryan@oryanlawfirm.com

Talia Ravis
Law Office of Talia Ravis
9229 Ward Parkway, Ste 370
Kansas City MO 64114
Phone: 816-333-8955
Email: travis@erisakc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2018, a copy of the foregoing Amended Complaint was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.


<u>s / Bridget O'Ryan</u>
Bridget O'Ryan